## Bonsall's Estate.

*Wills—Construction—Gifts over to lineal descendants according to the intestate laws, etc.—Act of June 29, 1923.*

1. Under the Act of June 29, 1923, P. L. 914, which provides that a limitation over, to take effect on the termination of an estate for years or for life or upon breach of condition, "to the testator's heirs or next of kin or the persons thereunto entitled under the intestate laws or other similar or equivalent phrase," shall be construed as meaning the person or persons thereunto entitled at the time of the termination of the estate for years, for life or upon condition as they shall exist at the time of such termination, as distinguished from the persons who answer the description at the time of testator's death, a gift over to "my lineal descendants according to the intestate laws of the State of Pennsylvania" vests in those who answer the description at the death of the life-tenant.

2. The words "my lineal descendants according to the intestate laws," etc., constitute a "similar or equivalent phrase" within the meaning of the act.

3. The act supplies a new canon of statutory construction and reverses the old established presumption of the testator's intention.

VAN DUSEN, J., dissents.

Exceptions to adjudication. O. C. Phila. Co., July T., 1925, No. 2152.

By a codicil to her will, the testatrix, who died Nov. 23, 1924, directed that if the life beneficiary under a trust created by the codicil "shall die without leaving child or children surviving or children of deceased child or children, then and in such case the principal monies of said trust fund shall go to and vest in my lineal descendants according to the intestate laws of the State of Pennsylvania." The beneficiary did so die, upon which the question arose on the audit of the account of the trustees whether the lineal descendants were to be ascertained as of the date of the death of the testatrix or of that of the beneficiary. The Auditing Judge, Lamorelle, P. J., held that the Act of June 29, 1923, P. L. 914, did not apply, and the persons who answer the description in the gift were to be ascertained as of the date of the death of the testatrix. To this ruling exceptions were filed.

*Saul, Ewing, Remick & Saul,* for exceptant.

*Alexander M. De Haven* and *Theodore F. Jenkins,* contra.

GEST, J., April 17, 1926.—Irrespective of the application of the recent Act of Assembly, approved June 29, 1923, P. L. 914, we would agree with the adjudication of the Auditing Judge and would not find it necessary to add anything to what he has said. The important question in this case, however, is whether the Act of 1923 applies to it, and this requires us to construe the language of the act concerning wills providing that upon the termination of the prior estate for life "the remainder over shall vest in the testator's heirs or next of kin or the persons thereunto entitled under the intestate laws *or other similar or equivalent phrase."* Under the settled construction theretofore given by the courts of this State to such a limitation, the period at which the heirs, etc., should be ascertained has always been referred to the date of the testator's death and not to the date of distribution upon the termination of the life estate, in the absence, of course, of anything else in the will that leads to a contrary interpretation. This act supplies a new canon of statutory construction and reverses the old established presumption of the testator's intention.

The Auditing Judge, however, was of the opinion that the act did not apply to this will because the remainder therein is given, not to the testator's heirs, or next of kin, or the persons entitled under the intestate laws, but to "lineal descendants according to the intestate laws of the State of Pennsylvania," and this is not an equivalent phrase to those mentioned in the statute.

This may be conceded. Heirs, or next of kin, or the persons entitled under the intestate laws are not necessarily lineal descendants, so that the phrase is not equivalent, but the statute says "similar or equivalent," and the question narrows down to this: Is not the phrase "my lineal descendants according to the intestate laws of the State of Pennsylvania" a similar phrase to those specified in the statute?

The purpose of the act of assembly seems to us to be quite apparent. The effect of the old rule was that in many cases the heirs, next of kin et al., who took vested remainders as of the testator's death, died long before the termination of the prior life estate, which had the frequent effect of diverting the testator's estate to persons who were not, by reason of intermediate devolutions, his heirs, next of kin or persons entitled under the intestate laws to his property, or members of his family.

That this result would follow in the present case is apparent, since, if the descendants of the testatrix are to be ascertained at the time of her decease, Florence B. De Haven, a granddaughter, would take a vested estate, and as she died intestate, her interest in her grandmother's estate would, subject to her debts, pass to her father and husband.

Some tangible meaning must be given to the word "similar" in order to accomplish the evident purpose of the act, which says "similar or equivalent," thus excluding the interpretation that "similar" means the same as "equivalent;" and that "descendants" are similar to the other classes named of heirs, next of kin and persons entitled under the intestate laws, is, in our opinion, reasonably clear. The provision in the will that the trust estate should vest in lineal descendants according to the intestate laws may merely indicate, as the Auditing Judge points out, the proportionate shares which the lineal descendants shall take, and in the present case that David and Julia McFarland take between them the share their mother would have taken if living. The reference to the intestate laws might, however, be given a somewhat broader meaning, and "lineal descendants according to the intestate laws" is even more similar to "persons entitled under the intestate laws" than the words "lineal descendants" would be standing alone.

It is urged that if the descendants are to be ascertained as of the death of the life-tenant, an intestacy might result in many cases, for there might be no lineal descendants living, as all might die before the death of the life-tenants. In such a case, the intestacy would necessarily relate back to the death of the testator and the estate would then be distributable under the intestate laws. We do not think that the argument has any force against the construction which we would give to the act which, in the present case, and in the present circumstances, designates lineal descendants now living as the remainderman in the first instance.

The exceptions are sustained and distribution is awarded in accordance with this opinion.

VAN DUSEN, J., dissenting.—The expressions "heirs or next of kin or the persons thereunto entitled under the intestate laws" are equivalent to one another and refer to the intestate laws alone for ascertainment of persons and shares. The class is general, embracing all blood relatives. The intestate laws arrange these persons in the order in which a testator would naturally arrange them; and the statute assumes, I think correctly, that the application of these laws as of the date of the end of the life estate will best carry out the intention of the testator.

This does not remain true when we are dealing with a limited class under the intestate laws. When the testator gives to a limited class he is thinking

Bonsall's Estate.

of the circumstances as they exist at or about the time of his death. These circumstances may have changed materially at the end of the life estate, and a distribution among the class as it then exists may depart very far from what the testator would wish. For example, suppose there was a gift to children or brothers and sisters. The children of any of them who might die during the life estate would be excluded. It is otherwise where we are applying the intestate laws generally, for there representation steps in and carries out what would be the testator's natural wish. It does not seem to me that any phrase is similar to those used in the statute except one which embraces all persons who may be entitled under the intestate laws.

I would dismiss the exceptions.

LAMORELLE, P. J., did not sit.